UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL ALONSO CRUZ,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>(UNNAMED),<br><br>　　　　　Respondent. | 1:10-cv–02207-LJO-SKO-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION TO NAME A PROPER RESPONDENT NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER<br><br>FINDINGS AND RECOMMENDATION TO DISMISS STATE LAW CLAIM AND TO REQUIRE A RESPONSE WITH RESPECT TO PETITIONER'S OTHER CLAIM (DOC. 1)<br><br>OBJECTIONS DEADLINE: THIRTY (30) DAYS |

　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on November 29, 2010.

　　I.　Screening the Petition

　　Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

1

1  a preliminary review of each petition for writ of habeas corpus.
2  The Court must summarily dismiss a petition "[i]f it plainly
3  appears from the petition and any attached exhibits that the
4  petitioner is not entitled to relief in the district court...."
5  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
6  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
7  1990).  Habeas Rule 2(c) requires that a petition 1) specify all
8  grounds of relief available to the Petitioner; 2) state the facts
9  supporting each ground; and 3) state the relief requested.
10 Notice pleading is not sufficient; rather, the petition must
11 state facts that point to a real possibility of constitutional
12 error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
13 O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
14 Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition
15 that are vague, conclusory, or palpably incredible are subject to
16 summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
17 Cir. 1990).

18      Further, the Court may dismiss a petition for writ of habeas
19 corpus either on its own motion under Habeas Rule 4, pursuant to
20 the respondent's motion to dismiss, or after an answer to the
21 petition has been filed.  Advisory Committee Notes to Habeas Rule
22 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
23 (9th Cir. 2001).

24      Here, Petitioner, an inmate of the Lancaster State Prison,
25 is serving consecutive indeterminate life sentences imposed on
26 January 22, 2008, in the Kern County Superior Court for forcible
27 sexual offenses.  (Pet. 1.)  Petitioner challenges his
28 conviction, which was suffered within the Eastern District of

California.

   II.   Petitioner's Failure to Name a Proper Respondent

   In this case, Petitioner did not name anyone as the Respondent.  Petitioner is incarcerated at the California State Prison at Los Angeles County (LAC) located in Lancaster, California.  The warden at that facility is Brenda Cash.

   A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Habeas Rule 2(a); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

   Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21 F.3d at 360.

   However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004).  In the interest of judicial economy, Petitioner need not file an amended petition.  Instead, Petitioner may file a motion entitled "Motion to Amend

the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

### III. Order Granting Leave to File a Motion to Amend the Petition

Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent. Failure to amend the petition and state a proper respondent will result in a recommendation that the petition be dismissed for lack of jurisdiction.

### IV. Findings and Recommendation to Dismiss Petitioner's Claim concerning California Penal Code § 654

Petitioner raises two claims concerning his convictions: 1) Petitioner was denied his right pursuant to the Fifth, Sixth, and Fourteenth Amendments to put on a defense when information concerning Petitioner's previous relationship with the victim was excluded at argument; and 2) because there was only a single assault, sentences on multiple counts violate Cal. Pen. Code § 654, which imposes limits on multiple punishments for multiple crimes.

Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616 (9th Cir. 2002) (a claim challenging state court's discretionary

4

decision concerning application of state sentencing law presented only state law issues and was not cognizable in a proceeding pursuant to 28 U.S.C. § 2254); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). The Court accepts a state court's interpretation of state law. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless it is determined that the interpretation is untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

Application of Cal. Pen. Code § 654 presents a question of state law, and not federal law. Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989). Absent a showing of fundamental unfairness, a state court's sentencing decisions, including a decision whether to impose sentences concurrently or consecutively, are generally a matter of state criminal procedure and thus do not justify federal habeas corpus relief. Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994).

In the petition before the Court, with respect to Petitioner's second claim concerning a violation of § 654, it does not appear that Petitioner alleged fundamental unfairness in the state courts. Petitioner instead claimed an error in the application of state sentencing laws. Petitioner's second claim concerning sentencing error is not cognizable in a proceeding pursuant to § 2254.

Therefore, it must be dismissed.

However, Petitioner's first claim, when liberally read, appears to allege a cognizable claim of an absence of fundamental fairness in connection with the trial process.

V. <u>Recommendation</u>

Accordingly, it is RECOMMENDED that:

1) Petitioner's second claim, concerning the application of Cal. Pen. Code § 654, be DISMISSED because it is a claim concerning state law that is not cognizable in a proceeding pursuant to 28 U.S.C. § 2254; and

2) Insofar as Petitioner claims a violation of his right to a fundamentally fair trial and to due process of law based on exclusion of evidence or limitation of argument concerning the Petitioner's relationship with the victim, the Respondent should be ordered to file a response to the petition.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to

6

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     December 6, 2010**                                 **/s/ Sheila K. Oberto**
                                                            UNITED STATES MAGISTRATE JUDGE