UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANIBAL ALONSO CRUZ, | ) | 1:10-cv—02207-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DIRECTING THE CLERK TO SEND |
| | ) | TO PETITIONER AN ORDER RE: |
| | ) | CONSENT OR REASSIGNMENT |
| v. | ) | |
| | ) | ORDER DIRECTING PETITIONER TO |
| BRENDA CASH, | ) | EXECUTE AND RETURN THE CONSENT |
| | ) | ORDER NO LATER THAN TWENTY (20) |
| Respondent. | ) | DAYS AFTER THE DATE OF SERVICE OF |
| | ) | THIS ORDER |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition in this proceeding was filed on November 29, 2010. Although an attorney signed the petition, the name and address of the Petitioner appeared on the front page of the petition. (Pet. 1.) The Clerk served the new case documents, including a consent order, by mail on Petitioner on December 2, 2010.

On January 10, 2011, an order regarding consent or request for reassignment, in which Petitioner consented to the

1

jurisdiction of the United States Magistrate Judge to conduct all further proceedings in this action, was filed. (Doc. 7.) The form was signed by Karissa Adame, who purported to be counsel of record, on behalf of Petitioner Anibal Cruz. On the same date, Petitioner filed a motion to amend the petition to name a proper respondent. (Doc. 6.) The motion to amend the petition was filed by Petitioner in his own behalf.

It appears that although attorney Karissa Adame was not formal counsel of record, she was acting on behalf of Petitioner in preparing the petition and submitting the consent form. It does not appear that a copy of the signed consent form was served on Petitioner, who at the same time was purporting to proceed pro se. However, after the Respondent consented to Magistrate Judge jurisdiction, Petitioner was served with the Court's order of February 18, 2011, in which the action was assigned to the undersigned Magistrate Judge to conduct all further proceedings in the case, including trial and the entry of a final judgment. (Doc. 13.)

The record reflects not only the Petitioner's apparent consent to the jurisdiction of the Magistrate Judge, but also the absence of any objection to the assignment of the case to the Magistrate Judge since February 18, 2011 – the date the order of reassignment was mailed to Petitioner.

However, in an abundance of caution, the Court will permit Petitioner to inform the Court in a signed writing no later than twenty (20) days after the date of service of this order if he declines to consent to Magistrate Judge jurisdiction. If Petitioner does not file a signed document stating that he

2

declines consent, the Court will continue to consider the previously filed consent form to express Petitioner's choice to consent to Magistrate Judge jurisdiction, and the Court will continue proceeding with this case as one in which the parties have consented to the jurisdiction of the Magistrate Judge to conduct all further proceedings in the case, including the entry of a final judgment.

Accordingly, the Clerk is DIRECTED to send to Petitioner an order re consent or request for reassignment pertaining to this action.

Petitioner is DIRECTED to execute the desired section of the form to indicate whether Petitioner desires to withdraw consent, and to return it to the Court no later than twenty (20) days after the date of service of this order.

Petitioner is INFORMED that a failure to respond timely to this order will result in the case continuing as a case in which the parties have consented to the Magistrate Judge's jurisdiction.

IT IS SO ORDERED.

**Dated:   July 6, 2011**                               /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE