1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANIBAL ALONSO CRUZ, | ) | 1:10-cv—02207-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS THE PETITION |
| | ) | (DOC. 14) |
| v. | ) | |
| | ) | ORDER DISMISSING THE PETITION AS |
| BRENDA CASH, | ) | UNTIMELY (DOC. 1) |
| | ) | |
| Respondent. | ) | ORDER DIRECTING THE ENTRY OF |
| | ) | JUDGMENT FOR RESPONDENT |
| _____ | ) | |
| | | ORDER DECLINING TO ISSUE A |
| | | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on January 10, 2011, and on behalf of Respondent on February 10, 2011.

Pending before the Court is Respondent's motion to dismiss the petition, which was filed and served on Petitioner by mail on

1

1  March 16, 2011.  No opposition to the motion was filed.

2      I.  <u>Proceeding by a Motion to Dismiss</u>

3      Respondent has filed a motion to dismiss the petition on the

4  ground that Petitioner filed his petition outside of the one-year

5  limitation period provided for by 28 U.S.C. § 2244(d)(1).

6      Rule 4 of the Rules Governing Section 2254 Cases (Habeas

7  Rules) allows a district court to dismiss a petition if it

8  "plainly appears from the face of the petition and any exhibits

9  annexed to it that the petitioner is not entitled to relief in

10  the district court...."

11      The Ninth Circuit has allowed respondents to file motions to

12  dismiss pursuant to Rule 4 instead of answers if the motion to

13  dismiss attacks the pleadings by claiming that the petitioner has

14  failed to exhaust state remedies or has violated the state's

15  procedural rules.  <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418,

16  420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss

17  a petition for failure to exhaust state remedies); <u>White v.</u>

18  <u>Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to

19  review a motion to dismiss for state procedural default); <u>Hillery</u>

20  <u>v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same).

21  Thus, a respondent may file a motion to dismiss after the Court

22  orders the respondent to respond, and the Court should use Rule 4

23  standards to review a motion to dismiss filed before a formal

24  answer.  <u>See</u>, <u>Hillery</u>, 533 F. Supp. at 1194 & n.12.

25      Respondent's motion to dismiss addresses the untimeliness of

26  the petition pursuant to 28 U.S.C. 2244(d)(1).  The material

27  facts pertinent to the motion are found in copies of the official

28  records of state judicial proceedings which have been provided by

2

1  the parties, and as to which there is no factual dispute.

2      Because Respondent has not filed a formal answer, and

3  because Respondent's motion to dismiss is similar in procedural

4  standing to a motion to dismiss for failure to exhaust state

5  remedies or for state procedural default, the Court will review

6  Respondent's motion to dismiss pursuant to its authority under

7  Rule 4.

8      II.  <u>Background</u>

9      On January 22, 2008, Petitioner was sentenced in the Kern

10 County Superior Court as follows:  two (2) consecutive terms of

11 twenty-five (25) years to life for forcible sodomy in violation

12 of Cal. Pen. Code § 286(c)(2) and forcible oral copulation in

13 violation of Cal. Pen. Code § 288a(c)(2); a consecutive term of

14 life with the possibility of parole for assault with the intent

15 to commit sodomy in the commission of a first degree burglary in

16 violation of Cal. Pen. Code §§ 220(b) and 286; and a four-year

17 consecutive term for first degree robbery in violation of Cal.

18 Pen. Code § 212.5(a).  (Lodged Document[1] (LD) 1; LD 2, 2.)  The

19 judgment was affirmed by the California Court of Appeal, Fifth

20 Appellate District, on May 20, 2009.  (LD 2, 1.)

21     Review of the official website for the California Supreme

22 Court reflects that Petitioner filed a petition for review in the

23 California Supreme Court on June 22, 2009.[2]  The petition was

24

25      [1] The lodged documents were filed by Respondent in support of the motion
   to dismiss.

26

27      [2] The site is <u>www.courts.ca.gov/courts.htm.</u> The Court may take judicial notice of
   facts that are capable of accurate and ready determination by resort to
   sources whose accuracy cannot reasonably be questioned, including undisputed
28 information posted on official web sites.  Fed. R. Evid. 201(b); <u>United States
   v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Daniels-Hall v. National</u>

1  denied summarily on August 26, 2009.  (LD 4.)  The website does

2  not reflect any other filings on behalf of Petitioner in the

3  California Supreme Court or the California Court of Appeal, Fifth

4  Appellate District.

5  The petition was marked filed on November 29, 2010.  The

6  first page names Petitioner as the petitioner and bears the

7  address of Petitioner's institution of confinement in Lancaster,

8  California.  (Pet. 1.)  The petition is written in a third-person

9  narrative that refers to Petitioner as "Mr. Cruz." (Id. at 5.)

10 In response to a query regarding whether Petitioner was presently

11 represented by counsel, the "Yes" box was marked with an "X."

12 When asked to provide the name, address, and telephone number of

13 counsel, the petition states the following:

    Karissa Adame, SBN # 263455
14  1318 "K" Street, Bakersfield, CA 93301
    (661) 326-0857
15

16 (Id. at 8.)  After the prayer, on the line for an attorney's

17 signature, the signature of Karissa Adame appears.  The

18 verification of the petition is executed by "K. Adame for Anibal

19 Alonso Cruz" and is dated "11/23/10."  (Id. at 1.)

20     III.   The Statute of Limitations

21 Because the petition was filed after April 24, 1996, the

22 effective date of the Antiterrorism and Effective Death Penalty

23 Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.

24 Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d

25 1484, 1499 (9th Cir. 1997).

26 The AEDPA provides a one-year period of limitation in which

27

28 ──────────────
Education Association, 629 F.3d 992, 999 (9th Cir. 2010).

a petitioner must file a petition for writ of habeas corpus.  28

U.S.C. § 2244(d)(1).  As amended, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Generally the statute of limitations is an affirmative defense, and the party claiming the defense bears the burden of proof unless the limitations statute is considered to be jurisdictional.  Kingman Reef Atoll Investments, L.L.C. v. U.S., 541 F.3d 1189, 1197 (9th Cir. 2008); Payan v. Aramark Management Services Ltd. Partnership, 495 F.3d 1119, 1122 (9th Cir. 2007). The one-year statute of limitations applicable to petitions for federal habeas corpus relief by state prisoners is not jurisdictional and does not set forth an inflexible rule

requiring dismissal whenever the one-year clock has run. <u>Holland v. Florida</u>, - U.S.–, 130 S.Ct. 2549, 2560 (2010). Thus, under the AEDPA, the respondent bears the burden of proving that the AEDPA limitations period has expired. <u>Ratliff v. Hedgepeth</u>, 712 F.Supp.2d 1038, 1050 (C.D.Cal. 2010) (collecting authorities).

Where the record reflects that a petition is filed outside of the limitation period, and the petitioner is notified that the petition is subject to dismissal based on the AEDPA's statute of limitations, the petitioner has the burden of demonstrating that the limitation period was sufficiently tolled. <u>Smith v. Duncan</u>, 297 F.3d 809, 812-14 (9th Cir. 2002), abrogated on other grounds by <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005).

Here, no circumstances appear to warrant the application of § 2244(d)(1)(B) through (D). Thus, the Court will determine the date on which the judgment became final within the meaning of § 2244(d)(1)(A).

Under § 2244(d)(1)(A), a judgment becomes final either upon the conclusion of direct review or the expiration of the time for seeking such review in the highest court from which review could be sought. <u>Wixom v. Washington</u>, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari. <u>Wixom</u>, 264 F.3d at 897 (quoting <u>Smith v.</u>

1  <u>Bowersox</u>, 159 F.3d 345, 348 (8th Cir. 1998), <u>cert.</u> <u>denied</u>, 525
2  U.S. 1187 (1999)).

3      Here, Petitioner's direct review concluded when his petition
4  for review was denied by the California Supreme Court on August
5  26, 2009.  The time for direct review expired ninety days later,
6  when the period in which a prisoner could petition for a writ of
7  certiorari from the United States Supreme Court expired.  Supreme
8  Court Rule 13; <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999).
9  The ninety-day period began on August 27, 2009, and concluded on
10 November 24, 2009.

11     In computing the limitation period, the Court will apply
12 Fed. R. Civ. P. 6(a).  Fed. R. Civ. P. 6(a); <u>see</u>, <u>Waldrip v.</u>
13 <u>Hall</u>, 548 F.3d 729, 735 n.2 (9th Cir. 2008); <u>Patterson v.</u>
14 <u>Stewart</u>, 251 F.3d 1243, 1245-46 (9th Cir. 2001).  Thus, the
15 limitation period began to run on November 25, 2009, and
16 concluded one year later on November 24, 2010.  Fed. R. Civ. P.
17 6(a); <u>Patterson v. Stewart</u>, 251 F.3d at 1245-46.  Because the
18 petition was not filed until November 29, 2010, it appears on its
19 face to have been filed five days beyond the one-year limitations
20 period provided for by the statute.

21     Respondent represents that Respondent is unaware of any
22 state habeas petitions filed by Petitioner.  (Mot., doc. 14,
23 5:13.)  A check of the official website for the California
24 appellate courts reflects no entries indicating that any petition
25 for writ of habeas corpus was filed in the appellate courts by
26 Petitioner.  The Court is unaware of any accessible and reliable
27 database concerning filings in the trial court.  It therefore
28 does not appear that Petitioner filed any petitions seeking post-

conviction, collateral relief in the state courts.

Because the petition was signed on November 23, 2010, it must be determined whether the mailbox rule applies to render the petition timely.  Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) provides:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Under the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court."  Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to federal and state petitions alike. Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003), and Smith v. Ratelle, 323 F.3d 813, 816 n.2 (9th Cir. 2003)).  The mailbox rule arose to remedy the situation of prisoners who were powerless and unable to control the time of delivery of documents to the court.  See, Houston v. Lack, 487 U.S. at 270-72.  To benefit from this rule, a petitioner must be a prisoner acting without the assistance of counsel, and must have delivered the document to prison authorities within the limitation period for forwarding to a court.  See, Stillman v. LaMarque, 319 F.3d at 1201.

In <u>Stillman v. LaMarque</u>, the petitioner and his appointed appellate counsel agreed that the petitioner would proceed pro se in state and federal habeas proceedings because the petitioner could not afford further assistance.  <u>Stillman</u>, 310 F.3d at 1200. Although counsel could not assume responsibility for representing the petitioner on a pro bono basis, she agreed to provide some assistance in preparing pro se state and federal habeas petitions.  <u>Id</u>.  Counsel prepared a petition for the prisoner and arranged with prison officials for the prisoner to sign the petition and for the petition to be returned to counsel immediately.  When prison staff delayed, counsel prepared another petition, signed it on behalf of the prisoner, and filed it.

The <u>Stillman</u> court held that the prisoner was not entitled to the benefit of the mailbox rule because he was not proceeding without the assistance of counsel.  The court reasoned that because counsel had prepared the petition, arranged with the prison for the inmate to sign it, and filed it once it had been signed, counsel was engaging in the practice of law and was assisting the prisoner.  <u>Id.</u> at 1201.  Therefore, the prisoner was not proceeding without the assistance of counsel.  <u>Id.</u>  The court concluded that the fact that the petition was intended to be filed as a pro se petition did not change the fact that the prisoner was being assisted by a lawyer.  The Court relied in part on counsel's continued assistance to the petitioner in some habeas and appellate matters.  319 F.3d at 1201-02 n.3.

Here, although Petitioner proceeds pro se, he was assisted by counsel when the petition was filed.  Indeed, the petition reflects that Petitioner indicated he was represented by counsel.

9

1  (Pet. 8.)  Counsel apparently prepared the petition and even

2  signed and dated it on Petitioner's behalf; Petitioner's

3  signature does not appear on the document.  Counsel also

4  continued to sign documents on Petitioner's behalf after the

5  petition was filed.  On January 5, 2011, Karissa Adame signed a

6  consent form on behalf of Petitioner which was filed on January

7  10, 2011.  (Doc. 7.)  On the same date, Petitioner signed and

8  filed a motion to amend the petition to name a proper respondent.

9  (Doc. 6.)

10      No further filings by counsel appear in the docket.  There

11  is also no indication that Petitioner participated in the mailing

12  of the petition or that the petition was ever delivered to prison

13  authorities for mailing.

14      The mailbox rule arose to remedy the situation of prisoners

15  who were powerless and unable to control the time of delivery of

16  documents to the court.  See, Houston v. Lack, 487 U.S. at 270-

17  72.  Here, it does not appear that Petitioner lacked control over

18  the time of delivery of the petition to the courts such that he

19  had to be protected against the uncertainties of the prison

20  mailing system.  Rather, it appears that Petitioner entrusted the

21  drafting and filing of the petition to counsel.  Further, there

22  is no evidence that the petition was delivered to prison

23  authorities for forwarding to the court within the limitation

24  period.  Therefore, the Court will not apply the mailbox rule to

25  the filing of the petition here.

26      Accordingly, it is concluded that without the benefit of any

27  tolling, the petition was untimely because it was filed after the

28  limitation period ran on November 24, 2010.

1    IV.   <u>Statutory Tolling</u>

2        Petitioner did not file an opposition to the petition.

3    There is no evidence before the Court that Petitioner filed any

4    state post-conviction petitions.   There is, therefore, no basis

5    for tolling the running of the statute of limitations pursuant to

6    § 2244(d)(2).

7        V.   <u>Equitable Tolling</u>

8        The one-year limitation period of § 2244 is subject to

9    equitable tolling where the petitioner has been diligent, and

10   extraordinary circumstances, such as the egregious misconduct of

11   counsel, have prevented the petitioner from filing a timely

12   petition.  <u>Holland v. Florida</u>, – U.S. –, 130 S.Ct. 2549, 2560

13   (2010).  The petitioner must show that the extraordinary

14   circumstances were the cause of his untimeliness and that the

15   extraordinary circumstances made it impossible to file a timely

16   petition.  <u>Ramirez v. Yates</u>, 571 F.3d 993, 997 (9th Cir. 2009).

17   The diligence required for equitable tolling is reasonable

18   diligence, not "maximum feasible diligence."  <u>Holland v. Florida</u>,

19   130 S.Ct. at 2565.  "[T]he threshold necessary to trigger

20   equitable tolling [under AEDPA] is very high, lest the exceptions

21   swallow the rule."  <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (quoting

22   <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002)).

23       Here, in the absence of input from Petitioner and from his

24   former counsel, the precise facts are uncertain.  However, no

25   facts have been presented that demonstrate or suggest a basis for

26   equitable tolling of the running of the statute.  There are no

27   facts to suggest that counsel engaged in any egregious behavior

28   or even unprofessional conduct beyond negligence.

11

1    Even assuming counsel was negligent in waiting until almost
2  the end of the limitation period to prepare the petition,
3  Petitioner would not be entitled to equitable tolling.  Attorney
4  negligence, including a miscalculation of a filing deadline, is
5  not a sufficient basis for applying equitable tolling to the §
6  2244(d)(1) limitation period.  Holland, 130 S.Ct. 2549, 2563-64;
7  Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010); Spitsyn,
8  345 F.3d at 800.  A prisoner's or counsel's failure to recognize
9  that a filing was late is generally not the result of an
10  "external force" that rendered timeliness impossible, but rather
11  is attributable to the petitioner as the result of his own
12  actions.  Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir.
13  2011).  Further, there is no evidence that Petitioner exercised
14  diligence.  Thus, there is no basis for equitable tolling.

15    Accordingly, the Court concludes that the petition was
16  untimely, and Respondent's motion to dismiss the petition should
17  be granted.

18    VI.  Certificate of Appealability

19    Unless a circuit justice or judge issues a certificate of
20  appealability, an appeal may not be taken to the Court of Appeals
21  from the final order in a habeas proceeding in which the
22  detention complained of arises out of process issued by a state
23  court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537
24  U.S. 322, 336 (2003).  A certificate of appealability may issue
25  only if the applicant makes a substantial showing of the denial
26  of a constitutional right.  § 2253(c)(2).  Under this standard, a
27  petitioner must show that reasonable jurists could debate whether
28  the petition should have been resolved in a different manner or

1   that the issues presented were adequate to deserve encouragement

2   to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

3   (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A

4   certificate should issue if the Petitioner shows that jurists of

5   reason would find it debatable whether the petition states a

6   valid claim of the denial of a constitutional right and that

7   jurists of reason would find it debatable whether the district

8   court was correct in any procedural ruling.  Slack v. McDaniel,

9   529 U.S. 473, 483-84 (2000).

10      In determining this issue, a court conducts an overview of

11  the claims in the habeas petition, generally assesses their

12  merits, and determines whether the resolution was debatable among

13  jurists of reason or wrong.  Id.  It is necessary for an

14  applicant to show more than an absence of frivolity or the

15  existence of mere good faith; however, it is not necessary for an

16  applicant to show that the appeal will succeed.  Miller-El v.

17  Cockrell, 537 U.S. at 338.

18      A district court must issue or deny a certificate of

19  appealability when it enters a final order adverse to the

20  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

21      Here, it does not appear that reasonable jurists could

22  debate whether the petition should have been resolved in a

23  different manner.  Petitioner has not made a substantial showing

24  of the denial of a constitutional right.

25      Accordingly, the Court will decline to issue a certificate

26  of appeal ability.

27  ///

28  ///

1       VII.   Disposition

2       Accordingly, it is ORDERED that:

3       1) Respondent's motion to dismiss the petition is GRANTED;

4   and

5       2) The petition for writ of habeas corpus is DISMISSED as

6   untimely; and

7       3) The Clerk is DIRECTED to enter judgment for Respondent;

8   and

9       4) The Court DECLINES to issue a certificate of

10  appealability.

11

12  IT IS SO ORDERED.

13  **Dated:    August 23, 2011**               /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

14

14